IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| JOSE MARTINEZ, JR.,<br><br>Plaintiff,<br><br>vs.<br><br>ATTY YELLOWSTONE COUNTY—<br>JACOB YERGER and JUDGE<br>GREGORY R. TODD,<br><br>Defendants. | CV 20-00062-BLG-SPW-TJC<br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS OF UNITED<br>STATES MAGISTRATE JUDGE |

Plaintiff Jose Martinez, a pretrial detainee proceeding without counsel, filed a Motion to Proceed in Forma Paupers (Doc. 1) and a proposed Complaint pursuant to 42 U.S.C. § 1983 claiming he filed a motion on November 4, 2019 asking the state court to order the Yellowstone County Detention Facility (YCDF) to comply with his doctor's order and prescriptions to ease his pain and suffering. The state court denied the motion and Mr. Martinez claims Defendants refused to acknowledge his suffering.  (Complaint, Doc. 2 at 6-7.)[1]

## I. MOTION TO PROCEED IN FORMA PAUPERIS

Mr. Martinez's Motion to Proceed in Forma Pauperis and account statement are sufficient to make the showing required by 28 U.S.C. §1915(a).  (Docs. 1, 4.)

---

[1] Mr. Martinez filed a separate action against the health care provider at YCDF and YCDF officials regarding this alleged denial of medical care. *See Martinez v. Correctional Health Partners, et al.*, Civil Action No. 19-cv-00093-BLG-TJC.

1

The request to proceed in forma pauperis will be granted.  Because he is incarcerated, Mr. Martinez must pay the statutory filing fee of $350.00.  28 U.S.C. § 1915(b)(1).  Mr. Martinez submitted an account statement showing an inability to pay that fee; therefore, the initial partial filing fee is waived, and he may proceed with the case.  *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)").  Mr. Martinez will be required to pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account.  The percentage is set by statute and cannot be altered.  28 U.S.C. § 1915(b)(2).  Mr. Martinez must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed.  *Id.*

By separate order, the Court will direct the facility where Mr. Martinez is held to forward payments from Mr. Martinez's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

## II.  SCREENING STANDARD

Mr. Martinez is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. § 1915 and § 1915A.  Sections 1915A(b) and 1915(e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant before it is served if it is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2).  That is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line.  *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680.  Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability,"

or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]" — "that the pleader is entitled to relief." *Id.* (*citing* Fed.R.Civ.P. 8(a)(2)). "A document filed *pro se* is 'to be liberally construed,'" and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

## III. SCREENING ANALYSIS

### A. Judicial Immunity

Judge Todd is entitled to judicial immunity. A plaintiff cannot state a claim

4

against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Mireles v. Waco*, 502 U.S. 9, 11–12 (1991). Judge Todd's denial of Mr. Martinez's motion for medical care is "unquestionably a judicial act." *See Simmons*, 318 F.3d at 1161; *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). Judge Todd is entitled to judicial immunity from suit.

### B. Prosecutorial Immunity

Mr. Yerger is entitled to prosecutorial immunity. Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028–29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. Therefore, any actions Mr. Yerger may have taken regarding Mr. Martinez's motion for medical care was intimately associated with the judicial phase of the

criminal process.  Mr. Yerger is entitled to prosecutorial immunity.

## IV. CONCLUSION

Defendants are entitled to absolute immunity.  These are not defects which could be cured by amendment.  Accordingly, the Complaint should be dismissed.

Based upon the foregoing, the Court issues the following:

### ORDER

1.  Mr. Martinez's Motion to Proceed in Forma Pauperis (Doc. 1) is GRANTED.

2.  The Clerk shall edit the text of the docket entry for the Complaint to remove the word "LODGED".

3.  At all times during the pendency of this action, Mr. Martinez shall immediately advise the Court of any change of address and its effective date. Failure to file a "Notice of Change of Address" may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Further, the Court issues the following:

### RECOMMENDATIONS

1.  This matter should be dismissed with prejudice.  The Clerk of Court should be directed to close this matter and enter judgment in favor of Defendants pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the docket reflect that the

Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.  No reasonable person could suppose an appeal would have merit.  The record makes plain the instant Complaint lacks arguable substance in law or fact.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Martinez may file objections to these Findings and Recommendations within fourteen (14) days after service (mailing) hereof.[2]  28 U.S.C. § 636.  Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals.  Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 2nd day of October, 2020.

_____
Timothy J. Cavan
United States Magistrate Judge

---

[2] As this deadline allows a party to act after the Findings and Recommendations is "served," it falls under Fed.R.Civ.P. 6(d).  Therefore, three (3) days are added after the period would otherwise expire.